**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT A. WOODFIN (#643670)**                                  **CIVIL ACTION NO.**

**VERSUS**                                                                            **23-1524-JWD-EWD**

**UNKNOWN CALDWELL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT A. WOODFIN (#643670)**          **CIVIL ACTION NO.**

**VERSUS**                                **23-1524-JWD-EWD**

**UNKNOWN CALDWELL, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Robert A. Woodfin ("Woodfin"), who is representing himself and who is confined at the Martin Correctional Institution in Indiantown, Florida.[1] It is recommended that this case be dismissed on the Court's own motion for lack of subject matter jurisdiction.

### I. BACKGROUND

Woodfin filed this suit against Judge Caldwell, as the Judge of the "19th District Probate Court;" Clerk of Court of the Louisiana 19th Judicial District Court, Doug Welborn; Trustee of the Estate, John Carnahan; and Carolyn Woodfin "for the Ira Woodfin Estate & Trust. Woodfin seems to be requesting injunctive relief.[2]

### II. LAW & ANALYSIS

This is a Court of limited subject matter jurisdiction and it is to be presumed that a case is outside the Court's limited jurisdiction.[3] Because Woodfin filed suit here, he has the burden of proving jurisdiction.[4] In determining jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."[5]

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."
[2] R. Doc. 1, p. 3.
[3] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[4] *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018).
[5] *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

Based on the defendants named, the "facts" as can best be determined; and that the caption of the Complaint lists "Case Number 3:16-cv-00791 BAJ/EWD," it appears Woodfin continues to try to litigate the probate of the will of Ira Woodfin. This Court explained to Woodfin before that it is without jurisdiction to decide Woodfin's issues with Ira Woodfin's succession, stating as follows:

> The Court lacks jurisdiction to probate a will or administer an estate. The "probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate."
>
> The probate exception applies. Plaintiff asks the Court to "settle" his claim to property that is part of his grandfather's estate; in effect, he asks the Court to administer that estate. The Court lacks jurisdiction to do so.[6]

In trying to decipher Woodfin's Complaint, it appears he is still asking that the will of Ira Woodfin be probated and that he be given money or property from the estate (or that money or property from the estate be taken back from someone to whom it was given).[7] This Court still lacks subject matter jurisdiction over Woodfin's claims, making his entire case subject to dismissal on the Court's own motion.[8]

## RECOMMENDATION

**IT IS RECOMMENDED** that this lawsuit be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on November 26, 2024.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *See Robert Woodfin v. State of Louisiana, et al.*, Civil Action No. 16-791-BAJ-EWD, R. Doc. 22 (internal citations omitted).
[7] For example, Woodfin seems to be challenging payments made from the estate to John Carnahan, Carolyn Woodfin Carnahan or John Garrett. R. Doc. 1, p. 3.
[8] *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (federal courts may raise the issue of subject matter jurisdiction on their own).